[File No. 6791.]

DAKOTA NATIONAL BANK OF FARGO, a Corporation, Respondent, v. F. PAUL SMITH,* Appellant,

and

FIRST NATIONAL BANK AND TRUST COMPANY, Garnishee.

(5 NW(2d) 70.)

Opinion filed August 4, 1942.

* On argument of this cause stipulation was filed reciting the death of defendant and appellant subsequent the taking of the appeal and substituting Della M. Smith, as Administratrix of the Estate of F. Paul Smith, as defendant and appellant.

*Shure & Shure,* for appellant.

*A. W. Fowler* and *Thorp, Wattam & Vogel,* for respondent.

CHRISTIANSON, J.   Plaintiff brought this action to recover upon a promissory note dated November 22, 1938, executed and delivered by the defendant to the plaintiff, whereby the defendant promised to pay to the order of the plaintiff the sum of $2,450, with interest, six months after the date of the note.   It is alleged in the complaint that the note is past due and that no part thereof has been paid except the sum of $150.

The defendant interposed an answer wherein he admits the execution and delivery of the note, but alleges that such note was made without

consideration; that it was obtained by fraud and misrepresentation and in violation of an agreement between the plaintiff and the Federal Land Bank of St. Paul and the Land Bank Commissioner and that the obligation purported to be evidenced by the note is contrary to public policy, and, hence, is invalid and unenforceable.

The answer is quite lengthy and sets forth certain facts relative to the original indebtedness purported to be evidenced by the note and different renewals of the original note evidencing such indebtedness. The answer also sets forth a counterclaim wherein recovery is sought for payments made by the plaintiff on such former notes, of which the note in suit is a renewal. Plaintiff interposed a reply wherein it denies each and every allegation set forth in the counterclaim.

The case was tried to the court without a jury, and resulted in findings and conclusions in favor of the plaintiff. Judgment was entered accordingly for the amount demanded in the complaint and the defendant has appealed and demanded a trial anew in this court.

There is not much dispute in the evidence as to what was done by the parties. The dispute is rather as to the deductions to be drawn from what was done and said. The evidence shows that F. H. Smith & Sons, Inc., a corporation, operated a large farm near Amenia in Cass county in this state, and for a number of years prior to any of the transactions involved in or giving rise to this action, was indebted to the Security National Bank of Fargo. The plaintiff Bank purchased the assets of the Security National Bank. Included in such assets was a note of F. H. Smith & Sons, Inc. This note was renewed from time to time and on March 12, 1934, the balance owing on such note was $3,800. On that date F. H. Smith & Sons, Inc., executed and delivered to the plaintiff Bank its note in the sum of $3,800, payable ninety (90) days after date.

Some time prior to July, 1933, said F. H. Smith & Sons, Inc., made application to the Federal Land Bank of St. Paul and the Land Bank Commissioner for loans upon the lands in Cass county which it then owned and was farming. The loans were rejected on the ground that the corporation was not a qualified borrower from the Federal Land Bank or the Land Bank Commissioner. Thereafter arrangements were made between the defendant Smith and his brother Ralph, two of the

principal stockholders in F. H. Smith & Sons, Inc., whereby that corporation agreed to convey 1,835 acres of its said lands to the defendant Smith, and 1,915 acres of said lands to Ralph Smith.

On July 17, 1933, the defendant Smith applied to the Federal Land Bank of St. Paul and the Land Bank Commissioner for a loan or loans in the sum of $55,000 to be secured by mortgages on the 1,835 acres of land that had been or was to be conveyed to him by F. H. Smith & Sons, Inc. This application was not granted, but on May 29, 1934, loans were approved aggregating in all $47,000. On March 31, 1934, the plaintiff Bank signed an agreement to the effect that in connection with a loan to be made by the Federal Land Bank of St. Paul and/or the Land Bank Commissioner to the defendant Smith that the plaintiff Bank would accept payment in Federal Farm Mortgage Corporation bonds and that such bonds would be accepted at their face value with necessary adjustments for interest accrued. The agreement contained a statement that there was due to the plaintiff Bank upon a second mortgage the sum of $3,800 with interest at 8% from January 11, 1934, and that plaintiff would accept $3,800 with such interest as payment in full. On May 31st, 1934, the Federal Land Bank of St. Paul sent a letter of instructions to the Secretary-Treasurer of the Cass County Farm Loan Association, through which the loan applications of the defendant Smith had been submitted, in regard to certain requirements which had to be met with respect to the loan. The letter stated that it related only to "the corporate features" pertaining to the loan. The letter required that there be submitted a certified copy of the articles of incorporation and by-laws of the corporation; that a meeting of the stockholders be called for the purpose of effecting a transfer of the land from the corporation to the defendant. The letter further required that proof be furnished as to the names and addresses of the creditors of the corporation and the amounts of the indebtedness of the corporation to each of the creditors; also, that there be obtained from each creditor a statement in writing by which the creditor consented that the land involved in the loan application be transferred by the corporation to the applicant. Thereafter, on August 28, 1934, the plaintiff Bank executed a written instrument wherein it was stated: "The undersigned, a creditor of F. H. Smith & Sons, Inc., a corporation . . . hereby consents

that all the real estate owned by the said corporation situated in Cass County, North Dakota, be transferred and conveyed either to Forrester Paul Smith or Ralph G. Smith in such proportions as they have heretofore agreed upon among themselves. This statement is given to the Federal Land Bank of St. Paul which is considering the application of Forrester Paul Smith and Ralph G. Smith for loans on the said land and is made to assure the said Federal Land Bank that no claim will be made by the undersigned on account of any obligation of the said corporation to the undersigned whereby the undersigned will claim a right in the assets of the corporation prior to the liens to be taken by the said Federal Land Bank."

Such written instrument did not contain any statement as to the amount of plaintiff's claim, nor did it contain any statement as to the amount that plaintiff would accept in payment of the same. Before such written instrument was executed by the plaintiff, correspondence was carried on between the plaintiff and Ralph G. Smith, and conferences were held between the officers of the plaintiff Bank and the defendant Smith and his attorney. As a result of such correspondence and conferences the plaintiff Bank agreed to consent to the proposed transfer by F. H. Smith & Sons, Inc., of its lands to the defendant Smith and/or Ralph G. Smith, with the understanding that it be paid its pro rata share of any amount that might be available for payment of unsecured creditors from the proceeds of the loans to be made to the defendant Smith, and with the further understanding that F. H. Smith & Sons, Inc., would execute and deliver to the plaintiff Bank its promissory note for the balance remaining due after the payment to the plaintiff or such pro rata share and that the defendant Smith and Ralph G. Smith would endorse or guarantee payment of such note. The defendant Smith agreed to this arrangement. On November 2, 1934, he prepared and submitted to the Federal Land Bank and the Land Bank Commissioner an affidavit wherein a list of creditors of the defendant Smith and the amounts owing by him to each of them, together with the amount which each creditor would accept in full payment, were set forth. In such affidavit he listed the plaintiff Bank, the amount owing by the defendant Smith to it, and the amount the plaintiff Bank would accept in full payment as follows:

| Name of Creditor | Amount Owing | Amount Acceptable |
|---|---|---|
| Dakota National Bank | $1,021.10 | $1,021.10 |

On November 5, 1934, plaintiff received notice that the loans were ready to be closed, and on that date the cashier of the plaintiff Bank wrote the defendant Smith as follows:

"We received notice this morning that your farm loan was ready to close.

"I am, accordingly, enclosing note for $2,800 which please have Ralph execute as Secretary and Treasurer of the Corporation, also personally endorse, per agreement. You will not be able to endorse this note as under the agreement with the Land Bank you cannot be obligated personally.

"Will you have the note signed and returned to us at as early a date as possible so that we can close the transaction. When you return the note will you also send us your check for $32.93 in payment of the interest to November 5th."

The note for $2,800 represented the balance then remaining due on the note of F. H. Smith & Sons, Inc., for $3,800, mentioned above, after deducting $1,021.10, the amount which the plaintiff was to receive, and later did receive, in bonds and cash from the proceeds of the loan to the defendant Smith from the Federal Land Bank and the Land Bank Commissioner. The note for $2,800 was executed by F. H. Smith & Sons, Inc., but there was no guaranty of payment either by Ralph G. Smith or the defendant Smith endorsed on the note. However, Ralph G. Smith, in a letter dated November 24, 1934, addressed to the plaintiff, agreed that he would personally guarantee payment of the note. After plaintiff had received the note of F. H. Smith & Sons, Inc., for $2,800 and Ralph G. Smith's written promise to guarantee payment thereof, the plaintiff on November 29, 1934, executed the creditor's agreement, which contained the following provisions:

"To the Federal Land Bank of Saint Paul for itself and/or as Agent for the Land Bank Commissioner and the Federal Farm Mortgage Corporation:

"For the purpose of inducing you to make, and in consideration of the making by you of, a loan or loans to F. Paul Smith of Amenia, North

Dakota, on real estate situated in Cass County, State of North Dakota, being numbered on your records loan No. 97607-D and loan No. 109-57956, and for the purpose of inducing you to release, distribute and pay out the proceeds from such loan or loans, I, the undersigned, being a creditor of those receiving such loan(s) to the extent of $1,021.10, do undertake, promise, agree and represent as follows:

"That I will accept in full and complete settlement and payment of my above claim the sum of $1,021.10, and that I have not, directly or indirectly, made or entered into any agreement or understanding with anyone whomsoever whereby I shall receive from said debtor any note, mortgage or other consideration save and except the sum last above mentioned; that when such sum has been received by me that said debtor will not remain indebted to me upon any account whatsoever; that I will not, after having received such sum, attempt in any way, directly or indirectly, to collect, nor will I accept, from said debtor upon and because of the above claim anything of value whatsoever."

Thereafter the plaintiff Bank received Federal Farm Mortgage Corporation bonds and cash aggregating $1,021.10, the amount which it was to receive from the proceeds of the loan of the defendant Smith from the Federal Land Bank and the Land Bank Commissioner. The note of F. H. Smith & Sons, Inc., for $2,800 was renewed by a new note for $2,800 dated April 11, 1935, payable 120 days after date. The renewal note was executed by F. H. Smith & Sons, Inc. Such note was not signed or indorsed either by the defendant Smith or Ralph G. Smith. When this last note became due, the plaintiff refused to extend payment unless the defendant Smith would guarantee payment.

The defendant Smith accepted the plaintiff's proposal and agreed to guarantee payment. The note of April 11, 1935, was then renewed by a new note dated August 9, 1935, executed by F. H. Smith & Sons, Inc., payable 120 days after date. The defendant Smith guaranteed payment of this note. This last note was renewed approximately every three or four months from August 9, 1935 to September 15, 1938. There were in all some ten renewals. Accrued interest was paid at the times of the various renewals and payments aggregating $200 were

made on the principal. Each renewal note was executed by F. H. Smith & Sons, Inc. and bore the written guarantee of the defendant Smith.

The testimony shows that on or about September 15, 1938, the defendant Smith came to the plaintiff Bank and talked with Butterwick, the cashier, and Fowler, the Vice-President. He then told them that he had made a settlement with his brother Ralph and that he desired to have the corporation and Ralph released from further liability and that he would be willing to give the Bank his personal note for the amount remaining due on the note. This was agreed to by the Bank, and the defendant Smith then executed and delivered to the plaintiff his note for $2,600, dated September 15, 1938, payable November 1, 1938. Partial payments were made on such note, and on November 22, 1938, the defendant executed and delivered to the plaintiff Bank a note in the sum of $2,450, the sum then remaining due on the note dated September 15, 1938. This last note is the note involved in this lawsuit.

It is contended by the defendant that under the original agreement between the plaintiff and the defendant (whereby the defendant together with his brother Ralph, agreed to guarantee payment of the note to be given by F. H. Smith & Sons, Inc. to the plaintiff Bank for any balance remaining unpaid on its note, after crediting thereon whatever payment plaintiff received out of the proceeds of the loan to the defendant, Smith) the note of F. H. Smith & Sons, Inc. for $3,800, dated March 12, 1934, became the personal obligation of the defendant Smith; that under the subsequent creditor's agreement the plaintiff agreed to accept $1,021.10 as payment in full of its claim against the defendant Smith, and that when the plaintiff received such payment its said note for $3,800 became and was fully paid; that the taking of the note for $2,800 on November 5, 1934, was contrary to the creditor's agreement; that there was no consideration for such note, and that the taking of such note constituted a fraud and was contrary to public policy.

The defendant seeks to bring the case within the principle announced in Federal Land Bank v. Koslosky, 67 ND 322, 271 NW 907, and similar cases, wherein notes were obtained by a creditor in violation of scale-down agreements entered into by a creditor with a debtor and with a Federal Land Bank. The trial court overruled this contention and

held that the note in suit was not obtained by fraud, was not contrary to public policy, and was supported by a valuable consideration.

We fully agree with the trial court. The record in this case furnishes no substantial basis for the contentions advanced by the defendant. The plaintiff was the owner of a promissory note for $3,800 against F. H. Smith & Sons, Inc. The Federal Land Bank and the Land Bank Commissioner refused to make loans to this corporation on the ground that the corporation was not a qualified borrower. When the proposal was made that the plaintiff Bank give its consent that the corporation transfer a substantial portion of its assets to two of the stockholders, the plaintiff agreed to do so by a written agreement, by the terms of which it was clearly implied that it would retain its claim against the corporation subject to the liens to be taken by the Federal Land Bank. There was no implication in such agreement that the claim would be scaled down. In the agreement which the plaintiff Bank executed to the effect that it would accept payment in Federal Farm Loan Corporation bonds, it specifically stated that its claim was $3,800 with interest, and that it would accept that sum as payment in full. There was no intimation that there would be any reduction or scaling-down of this amount. In the affidavit which the defendant submitted to the Land Bank it was stated that the amount owing to the plaintiff Bank and the amount which the Bank would accept as full payment was $1,021.10. There was no suggestion of any scaling-down of the claim. In the creditor's agreement it was stated that the amount of the plaintiff's claim against the defendant Smith was $1,021.10, and that it would accept that sum in full and complete settlement. In the letter which the plaintiff wrote to the defendant on November 5, 1934, it was specifically stated "you will not be able to indorse this note as under the agreement with the Land Bank you cannot be obligated personally."

The letter in effect proposed a modification of the agreement formerly made between the plaintiff and the defendant so as to conform to the creditor's agreement which had been submitted by the Federal Land Bank and the Land Bank Commissioner. According to the letter, the defendant was to be released from his promise to guarantee payment of the note of F. H. Smith & Sons, Inc., for the balance that would remain due on the $3,800 note. Upon defendant's acceptance of the proposal

set forth in the letter, the obligation of the defendant became and was restricted to the payment to the plaintiff of the agreed share of the proceeds of the loan, namely, $1,021.10. This became and was the only obligation of the defendant. The obligation of F. H. Smith & Sons, Inc., was wholly separate and distinct from the obligation of the defendant. The obligation of that corporation upon the $3,800 note was not extinguished by the payment of the $1,021.10. Its obligation was only reduced by such payment; but there was no obligation on the part of the defendant as to any balance remaining on such note after the payment of the $1,021.10. Defendant's personal obligation under the agreement was fully performed when the payment of the said $1,021.10 had been made to the plaintiff. The creditor's agreement executed by the plaintiff did not cover plaintiff's claim against F. H. Smith & Sons, Inc. It covered only the claim which the plaintiff held against the defendant Smith, namely, the claim for $1,021.10. That this was the understanding and intent of the parties is evidenced by what subsequently transpired. The note for $2,800 which F. H. Smith & Sons, Inc., executed for the balance remaining unpaid upon the $3,800 note after credit had been allowed for the $1,021.10 plaintiff had received from the proceeds of the loan, was subsequently renewed. There is no claim that at that time there was any demand or suggestion that the defendant Smith endorse or guarantee payment of such renewal note. When such renewal note became due and the corporation maker sought to have it renewed or payment extended, the plaintiff was unwilling to renew or extend payment unless the defendant Smith, who was a stockholder and officer of the corporation, guaranteed payment. The only reasonable deduction that can be drawn from the record is that at that time there was no claim on the part of the plaintiff that there was any obligation on the part of the defendant Smith, either to pay the indebtedness or to guarantee payment, or that there was any supposition on the part of the defendant that there was any such obligation.

The obligation of the defendant Smith as a guarantor of the renewal note of F. H. Smith & Sons, Inc., came into being when he guaranteed payment of the note dated August 9, 1935. Subsequently, the defendant in order to carry out a settlement which he had made with his brother, Ralph, gave the note in suit to the plaintiff in settlement of the note of

118

the corporation. Clearly such note is supported by a valuable consideration. There was no fraud in the procurement of such note. Such note was not taken, nor was the guarantee of the defendant of the note dated August 9, 1935, or of any of the renewals of such note given, in violation of the creditor's agreement which the plaintiff Bank executed and delivered to the Federal Land Bank and to the Land Bank Commissioner.

The judgment appealed from is correct. It must be, and it is, affirmed.

BURR, Ch. J., MORRIS, BURKE and NUESSLE, JJ., concur.